IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **STARNES DAVIS FLORIE, LLP,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION 12-0387-WS-N |
| | ) |
| **GOS OPERATOR, LLC,** *et al.*, | ) |
| | ) |
| Defendants. | ) |

**ORDER**

This matter comes before the Court *sua sponte* on preliminary screening of the Notice of Removal (doc. 1), filed by defendants on June 8, 2012.

In light of its narrowly circumscribed jurisdiction, this Court bears an affirmative duty to inquire *sua sponte* whenever it appears that subject matter jurisdiction may be lacking. *See Williams v. Chatman*, 510 F.3d 1290, 1293 (11th Cir. 2007) ("Federal courts are obligated to inquire into subject-matter jurisdiction *sua sponte* whenever it may be lacking.") (citation and internal quotation marks omitted).[1] In the Notice of Removal, defendants predicate federal jurisdiction on the diversity provisions of 28 U.S.C. § 1332. "For federal diversity jurisdiction to attach, all parties must be completely diverse … and the amount in controversy must exceed $75,000." *Underwriter's at Lloyd's, London v. Osting-Schwinn*, 613 F.3d 1079, 1085 (11th Cir. 2010) (citations omitted). The Notice of Removal leaves substantial unanswered questions as to both of these requirements.

---

[1] *See also Bochese v. Town of Ponce Inlet*, 405 F.3d 964, 975 (11th Cir. 2005) (noting that "a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking); *Smith v. GTE Corp.*, 236 F.3d 1292, 1299 (11th Cir. 2001) ("[B]ecause a federal court is powerless to act beyond its statutory grant of subject matter jurisdiction, a court must zealously insure that jurisdiction exists over a case, and should itself raise the question of subject matter jurisdiction at any point in the litigation where a doubt about jurisdiction arises.").

First, as to complete diversity of the parties, the Notice of Removal states that plaintiff is "a limited liability partnership organized and existing under the laws of the State of Alabama" (doc. 1, ¶ II(a).) It further states that the four defendant limited liability companies are "organized and existing under the laws of the State of Florida" (in the case of defendants GOS Operator, LLC, GOA Operator, LLC and GO ATM, LLC) and "organized and existing under the laws of the State of Georgia" (in the case of defendant Mission Health of Georgia, LLC). (Doc. 1, ¶ II(b).) But that is not sufficient. For diversity of citizenship purposes, the law of this Circuit provides that an unincorporated association (whether LLP or LLC) such as Starnes Davis, GOS Operator, GOA Operator, GO ATM and Mission Health is a citizen of any state of which any member of the entity is a citizen. *See, e.g., Osting-Schwinn*, 613 F.3d at 1086 (recognizing that, in contrast to corporations, "unincorporated associations do not themselves have any citizenship, but instead must prove the citizenship of each of their members to meet the jurisdictional requirements of 28 U.S.C. § 1332"); *Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004) (holding that "like a limited partnership, a limited liability company is a citizen of any state of which a member of the company is a citizen"). Thus, in order to allege diversity of citizenship properly in a case involving an unincorporated business entity, "a party must list the citizenships of all the members of the limited liability company." *Rolling Greens*, 374 F.3d at 1022. Defendants' Notice of Removal fails to identify the citizenship of any of the LLP or LLC parties' members, and is therefore inadequate to establish diversity jurisdiction. *See Osting-Schwinn*, 613 F.3d at 1092-93 (reversing and remanding case where district court had not required unincorporated association to plead citizenship of all of its members in order to establish subject matter jurisdiction).

Second, as to amount in controversy, the Notice of Removal acknowledges that plaintiff's Complaint does not specify a particular dollar value that is in dispute. However, defendants state (with no elaboration or explanation) that "the amount in controversy in this matter exceeds $75,000." (Doc. 1, ¶ VI.) Nothing in the Complaint or in the Notice of Removal supports that bare *ipse dixit*. A removing party invoking federal jurisdiction must do more than make a blanket statement of the amount in controversy. Indeed, it is well-settled that "[i]f a plaintiff makes an unspecified demand for damages in state court, a removing defendant must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the … jurisdictional requirement." *Roe v. Michelin North America, Inc.*, 613 F.3d 1058, 1061 (11th

Cir. 2010) (citations and internal quotation marks omitted).  In shouldering this burden, a removing defendant "is not required to prove the amount in controversy beyond all doubt or to banish all uncertainty about it."  *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 754 (11th Cir. 2010).  Rather, the defendant may satisfy its burden by showing either that it is "facially apparent from the pleading itself that the amount in controversy exceeds the jurisdictional minimum," or that there is "additional evidence demonstrating that removal is proper."  *Roe*, 613 F.3d at 1061 (citations omitted).  What the defendant may not do, however, is rely exclusively on "conjecture, speculation, or star gazing" to establish the requisite amount in controversy.  *Pretka*, 608 F.3d at 754.  If GOS Operator and its co-defendants believe that the amount in controversy is satisfied, then they must explain why and make an appropriate evidentiary showing, inasmuch as nothing in the Complaint would support such a finding.  To date, however, they have done neither.

In light of the foregoing, defendants are **ordered** to file a supplemental memorandum, supported by exhibits and authorities as appropriate, in support of their Notice of Removal on or before **July 17, 2012**, addressing these defects.  Plaintiff may file a response on or before **July 24, 2012**, at which time the jurisdictional issue will be taken under submission.

DONE and ORDERED this 3rd day of July, 2012.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE