IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **STARNES DAVIS FLORIE, LLP,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION 12-0387-WS-N |
| ) | |
| **GOS OPERATOR, LLC,** *et al.*, ) | |
| ) | |
| Defendants. ) | |

**ORDER**

This matter comes before the Court on defendants' Supplemental Memorandum in Support of Removal Jurisdiction (doc. 11).

On June 8, 2012, defendants filed a Notice of Removal (doc. 1) removing this action (which concerns a law firm's claims against its former client(s) for unpaid legal bills) from the Circuit Court of Mobile County, Alabama and predicating federal jurisdiction on the diversity provisions of 28 U.S.C. § 1332. Initial review of the Notice of Removal revealed deficiencies in defendants' showing of both amount in controversy and diversity of citizenship; therefore, the Court entered an Order (doc. 3) on July 3, 2012 setting forth a supplementation / briefing schedule for these jurisdictional issues. Defendants have now submitted supplemental exhibits in support of their position that diversity jurisdiction is proper in this matter. Despite having an opportunity to do so, plaintiff has not responded to the jurisdictional issue or challenged the existence of § 1332 jurisdiction over this matter, at least as of the time of removal.

Where, as here, "a plaintiff makes an unspecified demand for damages in state court, a removing defendant must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the … jurisdictional requirement." *Roe v. Michelin North America, Inc.*, 613 F.3d 1058, 1061 (11th Cir. 2010) (citations and internal quotation marks omitted). In support of their contention that the amount in controversy exceeds $75,000, defendants point to correspondence dated April 5, 2012, in which plaintiff indicated that the legal fees owed by defendants were in the amount of $158,605.03. (Doc. 11, Exh. A.) By all

appearances, plaintiff brought this action against defendants to recover those same unpaid legal fees. (Certainly, plaintiff has not suggested that it is actually seeking some other, lesser amount of fees herein.) As such, defendants' evidence is sufficient to show by a preponderance of the evidence that the § 1332 amount-in-controversy threshold is satisfied here.

With respect to diversity of citizenship, there must be complete diversity between plaintiff and defendants. *See, e.g., Stillwell v. Allstate Ins. Co.*, 663 F.3d 1329, 1332 (11th Cir. 2011) ("When a case is removed based on diversity jurisdiction, … the case must be remanded to state court if there is not complete diversity between the parties."). Where, as here, the parties include unincorporated associations such as LLPs or LLCs, those entities are deemed citizens of any state of which any of their members are citizens. *See, e.g., Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004) (holding that "like a limited partnership, a limited liability company is a citizen of any state of which a member of the company is a citizen"). Defendants' supplemental evidentiary showing establishes that all defendants, including individual defendants and limited liability companies alike, are properly viewed as citizens of Florida (and Florida alone) for diversity purposes. In particular, the individual defendants reside in and are citizens of Florida, and all members of all LLC defendants are likewise citizens of Florida. (*See* doc. 11, Exhs. B, C & D.) As for plaintiff, Starnes Davis Florie LLP, defendants do not recite the citizenship of all of the firm's partners (and indeed, would not reasonably be expected to have that information without the benefit of discovery). Instead, defendants show that plaintiff is an Alabama limited liability partnership headquartered in Birmingham, Alabama, with its only offices in Birmingham and Mobile, Alabama. (*See* doc. 11, Exh. D.) Of course, what matters is not the state of formation or the principal place of business, but the citizenship of Starnes Davis's partners; however, nothing about the information provided suggests or gives any reason to believe that any of the firm's partners are Florida citizens (such that they would be non-diverse from defendants) for diversity purposes. Should plaintiff have any information to the contrary, then plaintiff's counsel are **ordered**, as officers of the court, promptly to disclose such information via appropriate filing so that the Court may re-assess the existence of federal diversity jurisdiction.

In the present posture of this action, however, the Court is satisfied that there was a valid jurisdictional basis for the Notice of Removal, and that the exercise of federal subject-matter jurisdiction over this matter is proper at this time.

The initial jurisdictional hurdle having been cleared, the Court will proceed in the manner specified in the Order (doc. 7) entered on July 10, 2012.  In particular, it is appropriate to entertain briefing on plaintiff's Motion for Leave of Court to File Amended Complaint (doc. 4) and accompanying Motion to Remand (doc. 5).  (The Motion for Leave to File Affidavits (doc. 6) that plaintiff filed contemporaneously with the other two motions is **moot** because the affidavits in question have since been filed.  *See* doc. 10.)  Any party opposing the Motion for Leave to Amend or its companion Motion to Remand must file a response, supported by legal authority as appropriate, on or before **August 13, 2012**.  Movant will be allowed until **August 20, 2012** to file a reply.  If the Court determines that oral argument is necessary, the parties will be notified and a hearing will be scheduled.  Otherwise, the Motions will be taken under submission after **August 20, 2012**.[1]

DONE and ORDERED this 30th day of July, 2012.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE

---

[1] Pursuant to the July 10 Order, if, after these Motions have been decided, this action remains pending in federal court, the Court will at that time enter a briefing schedule on defendants' Motions to Dismiss that were filed while the case was still pending in state court.